UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| ANTONIA TOMAS NICOLAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:26-cv-00028-SEB-KMB |
| ) | |
| WARDEN in his or her official capacity as Warden ) | |
| of the Clark County Jail, ) | |
| FIELD OFFICE DIRECTOR in his or her official ) | |
| capacity as Field Office Director of the Louisville ) | |
| Field Office of Enforcement and Removal ) | |
| Operations, U.S. Immigration and Customs ) | |
| Enforcement, ) | |
| TODD M. LYONS in his official capacity as ) | |
| Acting Director, U.S. Immigration and Customs ) | |
| Enforcement, ) | |
| PAMELA JO BONDI in her official capacity as ) | |
| Attorney General of the United States, ) | |
| KRISTI NOEM in her official capacity as ) | |
| Secretary, US Department of Homeland Security, ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Antonia Tomas Nicolas is currently detained at the Clark County Jail under the authority of U.S. Immigration and Customs Enforcement ("ICE"). She seeks the issuance of a writ of habeas corpus by the Court pursuant to 28 U.S.C. § 2241, to effect her release from custody. Dkt. 1 at 16.

For the reasons explained below, we shall grant the petition albeit for relief somewhat different than that requested, and thus order that, by no later than **5:00 p.m. on February 13, 2026**, Respondents must either: (1) afford Ms. Tomas Nicolas an individualized bond hearing before an immigration judge, pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Ms. Tomas Nicolas from custody, under reasonable conditions of supervision.

### I.  Background

Ms. Tomas Nicolas is a Mexican citizen who has lived in the United States since entering without inspection in 2013. Dkt. 1 ¶ 1. ICE officers apprehended her after a traffic stop on December 2, 2025. *Id.*; dkt. 6 at 7. An I-200 Warrant for Arrest of Alien, dated December 3, 2025, was signed and appears to have been served on December 2, 2025. Dkt. 6-1 at 1. On January 8, 2026, a Notice to Appear was issued. *Id.* at 5.

The Notice to Appear charges Ms. Tomas Nicolas with inadmissibility pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General" and pursuant to 8 U.S.C. § 1182(1)(7)(A)(i)(I), as an immigrant not in possession of required identity and nationality documents. *Id.* at 8. The "arriving alien" checkbox on the Notice remains unmarked. *Id.* at 5.

Ms. Tomas Nicolas has neither moved for nor been given a custody re-determination hearing, maintaining that it would be futile for her to do so. Dkt. 1 ¶ 16.

### II.  Discussion

Ms. Tomas Nicolas asserts that her current detention violates various statutes/regulations, including the INA (Count I), applicable bond regulations (Count II), and the Due Process Clause of the Fifth Amendment (Count III). Dkt. 1 ¶¶ 59–75. Respondents maintain that Ms. Tomas Nicolas is lawfully detained pursuant to the INA (8 U.S.C. § 1225(b)(2)(A)); that, in the alternative, she is lawfully detained under the INA (8 U.S.C. § 1226(a)) because she is eligible to receive a hearing; and that her detention is Constitutional. Dkt. 6.

Ms. Tomas Nicolas's detention is governed by § 1226(a), making it unlawful because she has not been afforded a bond hearing. Ms. Tomas Nicolas is entitled to habeas corpus relief on these grounds. Thus, the Court will not address her other arguments.[1]

### A. Title 8 U.S.C. §§ 1226 and 1225

At issue here are Title 8 U.S.C. §§ 1226 and 1225. Section 1226 applies to aliens already present in the United States. Other statutes allow U.S. immigration to authorize the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings known as "full removal" are initiated under 8 U.S.C. § 1229(a) by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) states:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States .... [T]he Attorney General—
>
>   (1) may continue to detain the arrested alien; and
>
>   (2) may release the alien on—

---

[1] Ms. Tomas Nicolas contends that she is a class member entitled to relief through the declaratory judgment issued by the Central District of California in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM. In that case, the district court certified a class under Federal Rule 23(b)(2) that arguably includes Petitioner and ruled that DHS's widespread application of § 1225(b)(2) was contrary to the INA, vacating DHS's Policy under the Administrative Procedure Act, and entering final judgment. *Bautista v. Santacruz*, 2025 WL 3713981, *32 (C.D. Cal. Dec. 18, 2025). The applicability of *Maldonado Bautista* to habeas actions brought outside the Central District of California is unclear. In *Trump v. J.G.G.*, the Supreme Court reiterated that (a) any claim implying the invalidity of the claimant's custody "must be brought in habeas corpus," and (b) habeas jurisdiction lies only with the district where the claimant is confined. 604 U.S. 670, 671–72 (2025) (applying *Nance v. Ward*, 597 U.S. 159, 167 (2022); *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)). Because we hold in this case that Petitioner is entitled to habeas relief, we do not decide whether she is entitled to (other) relief under *Maldonado Bautista*.

>  (A) bond . . . ; or
>
>  (B) conditional parole[.]

8 U.S.C. § 1226(a). An immigration officer is authorized to make the initial determination either to detain or to release the noncitizen. Following that initial decision, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8). At such a bond hearing, the noncitizen "may secure [her] release if [she] can convince the officer or immigration judge that [she] poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

In contrast, § 1225(b)(1) addresses the "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and requires that immigration officers order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This removal mandate applies to noncitizens who have engaged in misrepresentation or have failed to meet certain documents requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) specifically references "[i]nspection of other aliens," providing that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that *an alien seeking admission* is *not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C.

§ 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal and are subject to mandatory detention while their removal proceedings are pending.

### B. Ms. Tomas Nicolas Is Eligible for a Bond Hearing Pursuant to 8 U.S.C. § 1226(a)

The record before us establishes that Ms. Tomas Nicolas is eligible for a bond hearing pursuant to § 1226(a).

As we have previously held, considering § 1225 as a whole, the clearest and most apt meaning suggests that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Ms. Tomas Nicolas who have lived within the United States for years. *See Alejandro v. Olson*, No. 1:25-cv-02027-JPH-MKK, 2025 WL 2896348, at *7 (S.D. Ind. Oct. 11, 2025); *Singh v. Bondi*, No. 1:25-cv-02101-SEB-TAB, 2025 WL 3029424, *3-5 (S.D. Ind. Oct. 30, 2025). As we have also previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice.[2] *See, e.g., Alejandro*, 2025 WL 2896348, at *14-19.

Respondents cite a smattering of contrary opinions but concede that our prior analysis "control[s] the result in this case should the Court adhere to the legal reasoning in those prior

---

[2] The Court hereby incorporates by reference its more expansive statutory interpretations of 8 U.S.C. §§ 1226 and 1225 and the corresponding analyses of the circumstances to which those statutes apply.

5

decisions." Dkt. 6 at 1. Respondents offer no binding authority to the contrary Accordingly, we decline to vary from our previous reasoning.[3]

Accordingly, we hold that Ms. Tomas Nicolas is legally entitled to receive a bond hearing, pursuant to § 1226. We decline to reach her other claims.

### C. Opportunity for Bond Hearing

Respondents argue in the alternative that Ms. Tomas Nicolas's detention is lawful under § 1226a "because she will have the opportunity to receive a hearing before an Immigration Judge." Dkt. 6 at 13. Thus, according to Respondents we lack jurisdiction over this petition under § 1226(e), which provides:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

*Id.* (quoting 8 U.S.C. § 1226(e)).

Respondents provide no evidence establishing that Ms. Tomas Nicolas will ever receive a bond hearing. In fact, to the contrary, Respondents contend that Ms. Tomas Nicolas is ineligible for a bond hearing. Because an immigration judge has neither "denied" nor "revoked" bond, § 1226(e) has no bearing on her petition. Clearly, Ms. Tomas Nicolas has been granted no

---

[3] Respondents include a passing reference to *Cruz Rodriguez v. Olson*, No. 1:25-cv-12961, 2025 WL 3672856 (N.D. Ill. Dec. 17, 2025), withdrawn & superseded, 2026 WL 63613 (N.D. Ill. Jan. 8, 2026), which we address here due to its recent issuance by one of our sister districts within the Seventh Circuit. *See* dkt. 7 at 2. *Cruz Rodriguez* includes a thoughtful analysis of §§ 1225 and 1226, concluding that *both* provisions apply to certain aliens who have been apprehended inside the United States. *See Cruz Rodriguez*, 2025 WL 3672856, at *7 ("Sections 1225(b)(2) and 1226 have different, but overlapping, scopes."). We find that logic problematic however, as explained in our prior rulings. The Seventh Circuit's decision in *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-62 (7th Cir. 2025), is both highly persuasive and controlling authority for us. Respondents also note that the Fifth Circuit very recently ruled that "seeking admission" is not limited to "arriving" noncitizens. Dkt. 6 at 2 (citing *Buenrostro-Mendez v. Bondi*, No. 25-20496, --- F.4th ---, 2026 WL 323330, at *4 (5th Cir. Feb. 6, 2026)). With respect, we disagree with the Fifth Circuit analysis and follow, as we must, the Seventh Circuit's persuasive decision in *Castañon-Nava*.

opportunity to meaningfully request and receive an individualized bond hearing. Her detention, pursuant to § 1226(a), is therefore unlawful.

### III.     Scope of Relief

Ms. Tomas Nicolas requests that she be granted immediate release. We concede that immediate release is the customary remedy in habeas proceedings. *See Dep't of Homeland Security v. Thursaissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). Any relief afforded through habeas corpus, however, must be tailored to terms "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984).

Ms. Tomas Nicolas's current, continued detention is unlawful only because she has not received consideration for release on bond. Ms. Tomas Nicolas maintains—and the Court agrees— that her detention is governed by § 1226(a). Dkt. 1 ¶¶ 60–63. Section 1226(a), however, does not render her detention unlawful. Rather, § 1226(a) allows Ms. Tomas Nicholas to be detained, but also grants the Attorney General discretion as to whether to release her. The government's refusal to consider her release on bond violates the law, but not by detaining her as such because a bond hearing is an adequate remedy for that wrong.

Accordingly, her immediate release is neither required nor consistent with the interests of justice. Respondents, however, must allow her an individualized bond hearing as required by § 1226(a) and its related regulations.

### IV.     Conclusion

The Court **grants** Ms. Tomas Nicholas's petition in part: to wit, no later than **5:00 p.m. on February 13, 2026**, Respondents must either: (1) provide her with an individualized bond hearing

before an immigration judge, pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release her from custody, subject to reasonable conditions of supervision. No later than **12:00 p.m. on February 17, 2026**, Respondents are ordered to file with the Court the appropriate documentation certifying that they have provided Ms. Tomas Nicolas with the required bond hearing, as well as the results of that hearing. If Respondents release Ms. Tomas Nicolas, documentation certifying her release is required to be filed with the Court. The **clerk is directed** to enter final judgment.

**SO ORDERED.**

Date:  2/10/2026

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Daniel Chin
Flora Legal Group
daniel.chin@floralegalgroup.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP (New Albany)
jlowe@k-glaw.com

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov